UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REX GUNTHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV1851 NCC |
| | ) |
| RICHARD GOWDY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a civil detainee, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion will be granted.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff has been detained in Missouri Department of Mental Health facilities since 1983. He brings several causes of action against defendants in both their individual and official capacities. Plaintiff alleges that defendants punished him for filing a civil case against defendant Dr. Richard Gowdy; that they placed him in the Sexual Offender Rehabilitation and Treatment Services (SORTS), although he was never found to have committed a sexual offense; that they have punished him for not admitting to such an offense; that they have taken his VA benefits for room and board; and that he has been denied necessary medical treatment. He seeks monetary, declaratory, and injunctive relief.

## Discussion

The Court finds that the complaint should not be dismissed at this time. Therefore, the Court will direct the Clerk to serve process on the complaint.

The Eleventh Amendment prohibits damage actions against state officials acting in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989). It does not, however, "bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief." *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir.1989) (internal citations omitted). As a result, while plaintiff's demand for monetary damages from defendants in their official capacities is frivolous, his demands for declaratory and injunctive relief are not.

Additionally, "[a]lthough the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-

year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Here, many of plaintiff's allegations concern events that occurred more than five years before he filed his complaint. Those claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis #[2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants in their individual capacities. Defendants are employed by the State of Missouri.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claims that concern events that occurred more than five years before he filed his complaint are **DISMISSED**.

Dated this 21st day of December, 2015.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE