UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REX GUNTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1851 NCC |
| | ) | |
| RICHARD GOWDY, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a civilly committed person in the custody of the Missouri Department of Health (DMH), brought this action under 42 U.S.C. § 1983 alleging that he was punished for filing a lawsuit, that defendants have required him to pay for his care and treatment with his VA benefits, and that he has been denied medical treatment. Defendants move to dismiss for failure to state a claim upon which relief can be granted. The motion is granted, and this action is dismissed.

**Standard**

To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

## The Complaint

Plaintiff brings this action against Dr. Richard Gowdy, the Director of Forensic Services with the Southeast Missouri Mental Health Center (SMMHC); Julie Inman, the Regional Executive Officer with SMMHC; and Sue Hagan, a Case Manager with SMMHC.[1]

Many of plaintiff's allegations are barred by the statute of limitations. The Court dismissed those claims on review of the complaint under 28 U.S.C. § 1915(e). The Court also dismissed plaintiff's official-capacity claims.

Plaintiff has been detained in DMH facilities since 1983. He claims that he has been singled out for disparate treatment by Dr. Gowdy. Specifically, he says he has been retaliated against for suing Dr. Gowdy and that he has been placed on a unique Special Treatment Plan, which caused him to be "punished for things for things other clients weren't." He also says that he was accused of not cooperating with treatment.

Plaintiff says defendants charge him $100 per month for his care and treatment. He has provided the money to defendants from his VA benefits, which appears to be his only source of income. He believes VA benefits are "exempt," so that he cannot be required to pay the fees from them. He claims that defendants threatened to place him a restrictive unit if he did not pay for his treatment.

Plaintiff claims that Susan Wiles denied him his necessary medications.

Plaintiff says that his "requests for both conditional and unconditional release has [sic] been denied because of the fabrications and lies placed in his files by the defendants, who made sure plaintiff would not get a meaningful review hearing for release, due to his complaints and his exercise of his 1st Amendment rights."

---

[1] Plaintiff voluntarily dismissed defendant Susan Wiles on December 28, 2015.

**Discussion**

1.  *Retaliation Claims*

Defendants argue that plaintiff's retaliation claims should be dismissed because plaintiff did not allege that they were personally responsible for the alleged retaliation and because plaintiff has not pled sufficient facts to demonstrate a retaliation claim. Plaintiff has not responded in any meaningful way to defendants' arguments.

To succeed on his § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied*, 546 U.S. 860 (2005).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Plaintiff has not alleged any non-conclusory facts showing that defendants took any adverse action against him for filing a suit against Dr. Gowdy. It is not sufficient to say that "defendants" acted badly and caused harm. The complaint must state how each individual defendant contributed to the constitutional violation. Plaintiff relies on generalities and conclusions to support his retaliation claim. Such allegations are not entitled to an assumption of

truth. As a result, plaintiff's retaliation claim fails to state a claim upon which relief can be granted.

2. *VA Benefits*

Defendants argue that plaintiff's VA benefits claim fails because Missouri provides adequate relief for property deprivation pursuant to a replevin action and because Section 630.205, Mo. Rev. Stat., allows the DMH to recover the cost of care from plaintiff. Defendants also argue that plaintiff has failed to allege their direct involvement in the collection of his VA benefits. In his motion to strike, filed on May 4, 2016, plaintiff cites to Section 513.430.1(10)(b), Mo. Rev. Stat., for the proposition that VA benefits are exempt from the payment requirements under Section 630.205.

a. Replevin is not an Available Postdeprivation Remedy

First, the Court notes that defendants' replevin argument fails. In general, personal property deprivation claims are not actionable under Section 1983. *Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004) (no due process violation cognizable under § 1983 because Missouri provides adequate postdeprivation remedy of replevin). However, "'[m]oney is not the subject of an action of replevin, unless it be marked, or designated in some manner, so as to become specific as regards the power of identification, such as being in a bag, or package.'" *A.R. By & Through C.R. v. Topper*, 834 S.W.2d 238, 239 (Mo. Ct. App. 1992) (quoting *Hamilton v. Clark,* 25 Mo. App. 428, 433 (1887)). Plaintiff's claim concerns money that has not been marked or designated in a manner necessary to state a replevin action under Missouri law. Therefore, replevin is not an available remedy.

b. Plaintiff has not Stated an Unlawful Garnishment Claim

While VA benefits are subject to garnishment only in limited circumstances,[2] plaintiff has not alleged that his benefits were garnished. Rather, he says he "turned over" monthly payments to cover the costs of his care. Plaintiff's argument under Section 513.430.1(10)(b) fails for the same reason, *i.e.*, the statute exempts VA benefits from *attachment* or *garnishment*.

Plaintiff has not cited to any federal statute or case law showing that recovering costs from a civilly committed person violates the laws or the Constitution of the United States. And the Court has not located any precedent from the Supreme Court or the Court of Appeals for the Eighth Circuit supporting plaintiff's claim that he is immune from restrictions if he refuses to pay for his care and treatment from his available VA benefits. Consequently, plaintiff has not stated an actionable claim under § 1983.

Finally, the Court agrees with defendants that plaintiff has not alleged any non-conclusory facts showing their personal involvement in the collection of his VA benefits. For these reasons, plaintiff's VA benefits claim fails to state a claim upon which relief can be granted.

3. *Denial of Medical Care*

Plaintiff has not alleged that any of the remaining defendants denied him medical care at any time. As a result, this claim fails as well.

For each of these reasons, defendants' motions to dismiss for failure to state a claim are granted.

Accordingly,

---

[2] Payments from the United States to members of the military may be garnished to pay for child support. *See* 42 U.S.C. § 659(a), 42 U.S.C. § 666(a)(1), (b).

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [ECF Nos. 14, 28] are **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending matters are **DENIED** as moot.

An Order of Dismissal will be filed separately.

Dated this 12th day of May, 2016.

                                                  /s// Noelle C. Collins
                                             NOELLE C. COLLINS
                                             UNITED STATES MAGISTRATE JUDGE